**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Elizabeth E. Brown

In re:

ASPEN CONSTRUCTORS, INC.,

Debtor.

Bankruptcy Case No. 17-21728 EEB
Chapter 11

**ORDER REGARDING ADVANCE PAYMENTS OF INTERIM COMPENSATION TO PROFESSIONALS**

THIS MATTER comes before the Court on the Debtor's motion seeking to establish interim compensation procedures for professionals. It is hereby ORDERED that any professionals required to be employed under § 327 of the Bankruptcy Code (the "**Professionals**") and *who seek to be paid* from this chapter 11 estate *in advance of a fee application* shall comply with the following procedures:

1. **Request for Advance Payments.** Subject to all of the conditions contained herein, Professionals may request payment of 75% of their fees and 100% of their expenses without awaiting court order (the "**Advance Payments**"). A holdback of 25% of the fees requested will remain in effect until further court order.

2. **Authorization of Payment.** The estate's representative shall be authorized to make Advance Payments *only to the extent* that (a) funds are available to pay all professionals and other known administrative priority claimants as required by Local Bankruptcy Rule 2016-2(a)(2) and (b) the Professional has fully complied with the requirements of this Order.

3. **Description of Services and Charges in Monthly Statements.** For each month for which Professionals seek to receive Advance Payments, they shall prepare an itemized statement of services rendered and associated charges (the "**Monthly Statements**"). These statements must detail the dates and nature of the services rendered and the time expended. Professionals shall not "lump" time entries, which means they may not enter one time entry for multiple tasks performed on a single day, without a breakdown of the time expended on each task.

4. **Redaction of Confidential Information.** The description of any services that are confidential in nature may be redacted from the Monthly Statements, but Professionals must endeavor to use descriptions that allow adequate review of their services without compromising a client's sensitive commercial information, attorney work product, or other privileges. In the event that a redacted entry is questioned, the Professionals shall move to submit unredacted Monthly Statements to the Court under seal as part of their fee application and the question raised as to these entries will be treated as an Informal Objection subject to paragraph 7(d).

5. **Requests for Reimbursement of Expenses.** Monthly Statements seeking the reimbursement of expenses shall include a summary of expenses by category. Whenever a person pays expenses for others, the other person shall be identified. It is not necessary to attach supporting documentation for expenses incurred, unless and until the expense is challenged or questioned.

6. **Submission of Monthly Statements.**

   a. **Notice.** Whenever Professionals seek to receive an Advance Payment, they must give notice and attach a copy of the applicable Monthly Statement to the Debtor(s), counsel for the Debtor(s), the U.S. Trustee, and, *if applicable*, to the chapter 11 trustee, counsel for the Creditors' Committee (or if there is no committee counsel, to all members of the committee), and any party in interest who has specifically requested copies of the Monthly Statements. Collectively, these parties shall be referred to as the "**Noticed Parties.**"

   b. **Deadline for Requests.** A Professional shall give notice of a request for an Advance Payment no more often than once per month and *no later than fourteen days from the end of the month for which an Advance Payment is sought*. If the Professional fails to meet this deadline, then the Professional must await the fee application process to obtain payment.

7. **Objections to Monthly Statements.**

   a. **Deadline.** Objections to Monthly Statements shall be referred to as "**Informal Objections**." Informal Objections must be submitted no later than fourteen days after receiving notice of the Monthly Statement.

   b. **Notice.** Informal Objections should *not* be filed with the Court. (The only objections that shall be filed with the Court are objections to formal fee applications filed with the Court.) Informal Objections must be submitted to the Professional and the estate representative.

   c. **Content.** Informal Objections must specify the nature of the objection and the associated specific amount(s) within the Monthly Statement considered objectionable.

   d. **Effect.** If a Professional receives an Informal Objection, then the Professional may not seek or receive an Advance Payment of any amount to which an Informal Objection has been lodged. Instead the Professional must wait to obtain payment through the formal interim or final fee application process or seek further order of the Court.

8. **Duty to File Interim Fee Applications.** Every Professional receiving Advance Payments must file interim fee applications *every 120 days*.

9. **No Waiver of Objections to Fee Applications.** Failure to object to a Monthly Statement does not constitute a waiver of the right to object to a formal interim or final fee application.

       10.    **Notice of Proposed Rate Increases.**  Notice of any proposed increase in an individual Professional's billing rate must be filed with the Court and notice given to the Noticed Parties who shall have thirty days to file objections to the proposed increase.

       11.    **Payment of Holdback Amounts.**  Professionals may apply to receive the 25% holdback of their fees in their final fee application.  Any professional seeking payment of the 25% holdback prior to the final fee application must show good cause and obtain a court order authorizing early payment.

       12.    **Potential Disgorgement.**  Advance Payments, like any form of interim payment, are not finally approved and remain subject to disgorgement to the extent the fees and expenses are not finally approved by the Court or as otherwise required by court order.

Dated this 22nd day of January, 2018.

BY THE COURT:

*Elizabeth E. Brown*

Elizabeth E. Brown, Bankruptcy Judge